# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 06 2019, 10:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
Navarre, Florida

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eugene L. Cardwell, *Appellant-Defendant,* | May 6, 2019 |
| v. | Court of Appeals Case No. 18A-CR-2605 |
| | Appeal from the LaPorte Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Richard R. Stalbrink, Jr., Judge |
| | Trial Court Cause No. 46D02-1606-F3-535 |

**Najam, Judge.**

# Statement of the Case

Eugene L. Cardwell appeals his convictions for aggravated battery, as a Level 3 felony, and battery, as a Level 5 felony, following a jury trial. Cardwell raises a single issue for our review, namely, whether the State presented sufficient evidence to support his convictions. We affirm.

# Facts and Procedural History

In November of 2015, Cardwell was an inmate at the Indiana State Prison in Michigan City along with Richard Anderson. On November 8, Correctional Officer Hanna Zaknoun was escorting Anderson to Anderson's prison cell. En route, Cardwell attacked Anderson with a shank. Cardwell's attack knocked Anderson down, and Cardwell then started stabbing Anderson while he was on the floor.

Before Officer Zaknoun could react to the attack, and while Cardwell was attacking Anderson on the floor, Cardwell told Officer Zaknoun, "if you Mace me, I'll stab you too." Tr. Vol. II at 39. Cardwell "slashed at [Officer Zaknoun]" and cut him on his left hand. *Id.* at 60. Officer Zaknoun then sprayed Cardwell with a pepper-spray-like substance, and Cardwell began to walk back toward his cell. On the way, he grabbed a broomstick that was on the floor and "threw it" at Officer Zaknoun. *Id.* at 62.

Cardwell had cut Anderson across Anderson's face and right shoulder with the shank. Anderson lost "a lot" of blood during the attack, and he later needed multiple stiches to repair the puncture-wound injuries. *Id.* at 41-42. The attack

left Anderson with visible scars under his lip and on his right shoulder, and his right shoulder is now "noticeabl[y]" "smaller" than his left shoulder. *Id.* at 47. Anderson also lost range of motion in his right shoulder for "at least a month" following the attack. *Id.* at 55.

[5] The State charged Cardwell with, among other offenses, aggravated battery, as a Level 3 felony, for Cardwell's attack on Anderson and battery, as a Level 5 felony, for Cardwell's attack on Officer Zaknoun. Following a jury trial at which Anderson and Officer Zaknoun testified and the State presented a surveillance video of the attacks, the jury found Cardwell guilty of those two offenses, and Cardwell admitted to an habitual offender enhancement. The trial court then entered its judgment of conviction and sentenced Cardwell, and this appeal ensued.

## Discussion and Decision

[6] Cardwell asserts on appeal that the State failed to present sufficient evidence to support his convictions for aggravated battery against Anderson and battery against Officer Zaknoun. When reviewing the sufficiency of the evidence to support a conviction, we do not reweigh the evidence or judge witness credibility. *E.g.*, *B.T.E. v. State*, 108 N.E.3d 322, 326 (Ind. 2018). We consider only the evidence favorable to the judgment and the reasonable inferences supporting it. *Id.* We will affirm if a reasonable trier of fact could have concluded that the defendant was guilty beyond a reasonable doubt. *Id.*

Cardwell does not contend that he did not commit a battery on Anderson, only that his battery was not an aggravated battery. To show that Cardwell committed the offense of aggravated battery, as a Level 3 felony, the State was required to show beyond a reasonable doubt that Cardwell knowingly or intentionally inflicted injury on Anderson that caused serious permanent disfigurement or protracted loss or impairment of the function of a bodily member. Ind. Code § 35-42-2-1.5 (2018). And to show that Cardwell committed the offense of battery, as a Level 5 felony, the State was required to show beyond a reasonable doubt that Cardwell knowingly or intentionally touched Officer Zaknoun in a rude, insolent, or angry manner, which resulted in bodily injury to a public safety official while the official was engaged in his official duties. I.C. § 35-42-2-1(g)(5)(A).

On appeal, Cardwell first asserts that the State failed to prove that he committed aggravated battery against Anderson because Anderson's injuries were insufficient to show "serious permanent disfigurement or protracted loss or impairment of a bodily member." *See* I.C. § 35-42-2-1.5. We cannot agree. Anderson testified that his right shoulder is now noticeably smaller than his left shoulder. Anderson also testified that Cardwell's attack left him without the full range of motion in his right shoulder for "at least a month." Tr. Vol. II at 55. We hold that a reasonable fact finder could have concluded from that evidence that Cardwell's attack resulted in serious permanent disfigurement or protracted loss or impairment of a bodily member to Anderson. Thus, we

decline Cardwell's invitation to reduce his battery conviction to a Level 5 felony and affirm his conviction for aggravated battery, as a Level 3 felony.

[9] Cardwell also asserts that the State failed to show that Cardwell knowingly or intentionally attacked Officer Zaknoun. We again cannot agree. Anderson testified, without objection, that he had heard Cardwell tell Officer Zaknoun, "if you Mace me, I'll stab you too." *Id.* at 39. And Officer Zaknoun testified that, while Cardwell was attacking Anderson on the floor, Cardwell "slashed at [Officer Zaknoun]" and cut him on his left hand. *Id.* at 60. A reasonable fact finder could have concluded from that evidence that Cardwell knowingly or intentionally attacked Officer Zaknoun. Accordingly, we affirm Cardwell's conviction for battery, as a Level 5 felony.

[10] In sum, we affirm Cardwell's convictions for aggravated battery, as a Level 3 felony, and battery, as a Level 5 felony.

[11] Affirmed.

Baker, J., and Robb, J., concur.